IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                                    MDL 2327

---

THIS DOCUMENT RELATES TO:

*Babcock v. Ethicon, Inc., et al.*                         Civil Action No. 2:16-cv-05114

# MEMORANDUM OPINION & ORDER

Pending before the court are two motions: (1) the Motion for Leave to Withdraw as Counsel of Record, filed by plaintiff's counsel on April 16, 2018 ("Motion to Withdraw") [ECF No. 15]; and (2) the Motion to Dismiss Without Prejudice, filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, the "Defendants") on May 21, 2018 ("Motion to Dismiss") [ECF No. 18].

Without the assistance of counsel of record, the plaintiff improvidently filed a Response on her own behalf requesting a stay of proceedings and in opposition to the Motion to Dismiss on June 18, 2018 [ECF No. 22]. On June 21, 2018, the Defendants filed their Reply in support of the Motion to Dismiss and in opposition to the Cross-Motion to Stay Proceedings [ECF No. 23]. The office of the undersigned judge has also received three letters, dated April 13, 2018, May 22, 2018, and June 4, 2018, signed by plaintiff Lisa Babcock that raise various concerns, and include her objections to the Motion to Dismiss. The court will consider the statements made by Lisa Babcock

on her own behalf only to the extent they provide greater context generally to the pending motions in this case.[1] Other statements, assertions, or requests are to be disregarded. *See United States v. Ramage*, No. 1:09-cr-00061, 2009 WL 4110321, at *2 (N.D. W. Va. Nov. 25, 2009) (citing *Downs v. Hubert*, 171 Fed. Appx. 640 (9th Cir. 2006)). As detailed in the motions and corresponding papers, there are several issues that require resolution before this case can proceed.

### A. Motion to Withdraw

In the Motion to Withdraw, Wes Scott Larsen of James, Vernon & Weeks seeks leave to withdraw as counsel for the plaintiff under Local Civil Rule 83.4. As justification for the withdrawal, counsel states that the plaintiff has terminated the attorney-client relationship.

Generally, the court's standard procedures in response to a motion to withdraw following the plaintiff's termination of counsel of record is to stay all proceedings briefly to allow the plaintiff to obtain new counsel or file a statement of intent to proceed *pro se*. The disputed Motion to Dismiss, however, presents a rather peculiar wrinkle that requires some brief discussion.

### B. Motion to Dismiss

According to the Defendants, the disputed product in this case is beyond the scope of this MDL and, thus, dismissal is warranted under Rule 12(c). As the parties are well aware, this case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("JPML") concerning the use of transvaginal

---

[1] The court has delivered these letters to the clerk's office to be entered on the docket in this case.

surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In its Transfer Order, the JPML described the civil actions comprising the 2327 MDL as cases "involving allegations of defects in various models of pelvic surgical mesh products manufactured by three groups of manufacturers," such as the Defendants – to this court for coordinated pretrial proceedings. *See In re: Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 844 F. Supp. 2d 1359, 1360 (J.P.M.L. 2012).

The court agrees with the parties[2] that the disputed product giving rise to this civil action, a Hernia Mesh Product identified by the plaintiff as "Proceed (PCND1)," does not belong in this MDL. However, the court is not convinced that dismissal is warranted under Rule 12(c) as requested by the Defendants. *See Priority Auto Grp., Inc. v. Ford Motor Co.*, 757 F.3d 137, 139 (4th Cir. 2014) ("The standard for Rule 12(c) motions is the same as applied to Rule 12(b)(6) motions, which should only be granted if, 'accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'").

The Defendants' basis for judgment on the pleadings is rather simple. Because the Master Long Form Complaint assumes only allegations related to female pelvic mesh, and because the Short Form Complaint filed by the plaintiff alleges injuries

---

[2] While she concedes that this case does not belong before this court, the plaintiff objects to the entry of judgment, pleading that the court transfer rather than dismiss her case to avoid statute of limitations issues.

arising from the implementation of a hernia mesh product, the Defendants argue that the plaintiff's complaint is insufficient as a matter of law. I disagree.

A complaint is sufficient if it plausibly articulates grounds for relief beyond the speculative level. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). To enter judgment on the grounds articulated by the Defendants would subvert this well-settled standard into investigating whether a person is entitled to participate, rather than whether they are entitled to relief. In other words, whether a case belongs in a particular MDL is not decisive on whether the plaintiff alleges a cognizable claim, regardless of the internal procedures adopted by the MDL court. As such, relief under Rule 12(c) is not appropriate.

The court therefore **FINDS** it appropriate to transfer this case to a district court of proper venue.[3] *See* Pretrial Order # 12(B)(4) (stating that upon the completion of all pretrial proceedings applicable to case appropriately consolidated in this MDL, "pursuant to 28 U.S.C. § 1404(a), [the court] will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case") [ECF No. 23].

---

[3] "This court shall not be deemed to be the 'transferor court' simply by virtue of the action having been directly filed into MDL No. 2327. The direct filing of actions in MDL No. 2327 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407 and, *the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only.*" *Id.* (emphasis added).

4

Here, the parties Joint Venue Recommendation is not due until September 3, 2018. *See* Pretrial Order # 303 (selecting this case to become part of Ethicon Wave 8, a collection of cases subject of the same scheduling deadlines). Therefore, to facilitate the resolution of this issue, the court **ORDERS** the parties to confer by no later than **August 3, 2018** to determine the appropriate venue for this case, and to submit a joint venue recommendation to the court by **August 10, 2018**.[4]

The court further **ORDERS** that this action is **STAYED** until **August 10, 2018** to allow plaintiff to retain other counsel. The court **DIRECTS** plaintiff to file a statement of intent to proceed without counsel or to have new counsel enter an appearance by **August 10, 2018**. *If the plaintiff fails to do so, the Defendants may move the court for appropriate relief, including dismissal with prejudice.*

For the reasons stated above, the Motion to Dismiss [ECF No. 18] is **DENIED**.

The court **DIRECTS** the Clerk to remove this case from Ethicon Wave 8; lift the 2327 Wave 8 flag from the docket sheet; and send a copy of this Order to counsel of record and to plaintiff Lisa A. Babcock, via certified mail, return receipt requested to 2808 W. Cherry Lane, Apt. J307, Boise, Idaho 83705, her last known address.

ENTER: July 3, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[4] The court is aware that Ms. Babcock believes that this action belongs in New Jersey state court, as evidenced by an attached application for designation of Multi-County Litigation filed by a number of attorneys on behalf of plaintiffs alleging harm arising from "Multi-Layered Hernia Mesh" products manufactured by the Defendants. A copy of the same application attached by the plaintiff to her June 4, 2018, letter is available at https://www.judiciary.state.nj.us/notices/2018/n180412a.pdf.